FILED'10 MAY 28 12:02 USDC-ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

BETTY PHELPS and DELBERT PHELPS,

Plaintiffs,

v.

WYETH, INC., et al.,

Defendants.

09-6168-TC

FINDINGS AND RECOMMENDATION

COFFIN, Magistrate Judge:

Plaintiffs Betty and Delbert Phelps bring this action alleging that Ms. Phelps was injured after consuming metoclopramide, a prescription drug which defendants manufactured. Defendants Wyeth Inc., Schwarz Pharma, Inc., and Alaven Pharmaceutical LLC's (name-brand manufacturers) move for summary judgment on the grounds that Ms. Phelps ingested generic metoclopramide only, and they cannot be held liable under Oregon law for injuries caused by a generic competitor's product. I held a telephonic hearing on this motion on May 28, 2010. For the reasons set forth below, I recommend that this court grant the name-brand manufacturers' motion.

**Legal Standard**

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. Id.; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

///

## Background

The parties do not dispute the following facts. Metoclopramide is a prescription drug which is available in either generic or name-brand formulation. Reglan®, the brand name formulation, was produced at different times by defendants Wyeth, Schwarz, and Alaven. The remaining two defendants, Pliva USA, Inc. (Pliva) and Northstar Rx LLC (Northstar), produced the generic formulation of metoclopramide. Pliva and Northstar are not parties to this motion.

Ms. Phelps took generic metoclopramide tablets from November 2002 through at least August 2009. She alleges that metoclopramide caused her to develop tardive dyskinesia, a debilitating neurological condition characterized by involuntary movements. She did not take any metoclopramide, either generic or Reglan®, which was manufactured by name-brand defendants. Instead of claiming that name-brand defendants manufactured the drug Ms. Phelps ingested, the plaintiffs claims that name-brand defendants are liable for her injuries because they negligently failed to adequately warn her doctors about the risks associated with long-term use of metoclopramide.

## Discussion

Plaintiffs assert a variety of claims against name-brand defendants: (1) negligence (Count One); (2) strict liability (Count Two); (3) breach of warranties (Count Three); (4) misrepresentation and fraud (Count Four); and (5) gross negligence (Count Five). Each of these claims is based on plaintiffs' argument that name-brand manufacturers failed to exercise reasonable care in the marketing of metoclopramide and/or Reglan® because they failed to adequately warn Ms. Phelps and her doctors about the dangers of the drug. Name-brand defendants urge the court to follow Oregon law, as well as the overwhelming majority of federal courts considering this issue, and find that name-brand manufacturers cannot be held liable for injuries caused by consumption of their

generic competitors' product. Plaintiffs urge the court to follow the reasoning of the California Court of Appeals in Conte v. Wyeth, Inc., 168 Cal. App.4th 89 (2008) and find liability attaches by virtue of drafting a drug's warning label, even if the manufacturer's product did not cause the injury at issue.

Plaintiffs' claims are diluted in several theories of liability. They can, however, be distilled down to a claim of product liability. Oregon's product liability statute provides that: "'product liability in a civil action'" means a civil action brought against a manufacturer, distributor, seller or lessor of a product for damages for personal injury...arising out of: (1) any design, inspection, testing, manufacturing or other defect in a product; (2) any failure to warn regarding a product; or (3) any failure to properly instruct in the use of a product." ORS 30.900. Plaintiffs brought this action alleging Ms. Phelps' injury of tardive dyskinesia was caused by name-brand manufacturer's inadequate warnings. Thus, this action clearly falls within Oregon's definition of a product liability action.

Name-brand manufacturers direct the court's attention to well established Oregon law stating that a manufacturer cannot be held liable unless and until the plaintiff proves that her injuries resulted from use of that manufacturer's product. McEwen v. Ortho Pharma. Corp., 270 Or. 375, 407 (1974)(discussing in a failure to warn case whether each defendants' negligence could be found to be a substantial cause of plaintiff's ingestion of the oral contraceptive manufactured by that defendant). Plaintiffs do not point to any Oregon authority allowing a name-brand manufacturer to be held liable for injuries caused by a generic competitor's product. Plaintiff's citation to the California Court of Appeal's decision in Conte is not persuasive. The Conte decision is "rooted in California Common law, " which is not particularly helpful to a federal court considering what amounts to a request to extend Oregon's product liability law beyond what its own state courts have

determined. Id. 168 Cal. App. 4th at102. Additionally, I cannot find that a decision to hold a manufacturer liable for injury caused by its competitor's product is rooted in common sense. Instead, I find the reasoning of Foster v. Am. Home Prods. Corp., 29 F.3d 165 (4th Cir. 1994) instructive. The Foster court was applying Maryland law to a corresponding scenario. That court made clear that in warning about their own products, name-brand manufacturers do not assume any liability to users who ingest equivalent generic products. Id. at 170. The court stated:

> There is no legal precedent for using a name brand manufacturer's statement about its own product as a basis for liability for injuries caused by other manufacturers' products, over whose production the name brand manufacturer had no control. This would be especially unfair when, as here, the generic manufacturer reaps the benefits of the name brand manufacturers' statements by copying its labels and riding on the coattails of its advertising. The premarketing approval scheme Congress established for generic equivalents of previously approved drugs cannot be construed to create liability of a name brand manufacturer when another manufacture's drug has been consumed.

Id. I too find that imposing a duty upon name-brand manufacturers for injuries caused by a product they did not manufacturer would "stretch the concept of foreseeability too far." Id.

Because the name-brand manufacturers neither manufactured nor sold the drugs that allegedly injured Ms. Phelps, I find that plaintiffs have failed to establish facts from which a reasonable jury could find in her favor. Anderson, 477 U.S. at 248. Accordingly, I recommend that this court grant the name-brand manufactures' motion for summary judgment.

**Conclusion**

I recommend that this court grant name-brand defendants' motion for summary judgment and that all claims against Wyeth, Schwarz, and Alaven be dismissed.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed.

The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 28th day of May 2010.

THOMAS M. COFFIN
United States Magistrate Judge