UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| BETTY PHELPS and DELBERT PHELPS, | 09-CV-6168-TC |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATION |
| WYETH, INC., et al., | |
| Defendants. | |

COFFIN, Magistrate Judge:

Plaintiffs bring this action alleging that Betty Phelps was injured after ingesting generic pharmaceutical products produced by defendants Wyeth, Inc. (Wyeth), Schwarz Pharma, Inc. (Schwarz), Alaven Pharmaceutical LLC (Alaven), PLIVA USA, Inc. (Pliva) and Northstar Rx LLC (Northstar). On June 17, 2010 the court granted summary judgment to name-brand defendants, dismissing Wyeth, Schwarz, and Alaven. Currently before me is plaintiffs' September 19, 2011 motion for relief from that judgment (#233), which name-brand defendants oppose (#242). For the reasons below, I recommend that this Court deny plaintiffs' motion.

///

Page 1 - FINDINGS AND RECOMMENDATION

## Legal Standard

Federal Rule of Civil Procedure 60(b) sets forth the grounds upon which a motion for relief from an order or judgment may be made. Rule 60(b)(5) permits a party to obtain relief if "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). In general, motions for reconsideration should not be frequently made or freely granted. Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1980). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n. 5 (9th Cir.1989) (quoting U.S. v. Desert Gold Mining Co., 433 F.2d 713, 715 (9th Cir.1970)).

## Background

Plaintiffs filed their original complaint on June 12, 2009 alleging that Betty Phelps was injured after ingesting generic pharmaceutical products produced by defendants. (#1). In June 2010, the court granted summary judgment for name-brand defendants Wyeth, Schwartz, and Alaven and dismissed the claims against them, leaving this action to proceed against generic manufacturers Pliva and Northstar. (#s 80, 83). I stayed this case in January pending the United States Supreme Court's decision in Pliva, Inc. v. Mensing, 131 S. Ct. 2567, 2570 (2011) reh'g denied, No. 09-993, 2011 WL 3557247 (U.S. Aug. 15, 2011). The Supreme Court decided Mensing on June 23, 2011, holding that federal law preempts state laws that impose a duty upon generic manufacturers, like Pliva and Northstar, to change the drug's label if the warning is inadequate. Id.

///

Page 2 - FINDINGS AND RECOMMENDATION

## Discussion

Plaintiffs assert that I must reconsider summary judgement for name-brand defendants due to the Supreme Court's decision in Mensing. Plaintiffs claim that Mensing overturns the law established in Foster v. American Home Products Corporation, 29 F.3d 165 (4th Cir.1994), which held that the manufacturer of a name-brand prescription drug could not be held liable for an injury resulting from a product made by the manufacturer of the generic version of the drug. They argue that the decision in Foster was based on the court's determination that the generic manufacturer is responsible for its own label and therefore its own inadequate warnings. Plaintiffs claim that the Mensing decision, holding that the generic manufacturer cannot be held liable for a failure to warn, overturns the Foster ruling on the name-brand manufacturer's liability.

Defendants, the name-brand manufacturers, claim that summary judgment in this case was granted based on Oregon law stating that a manufacturer cannot be held liable unless plaintiff proves that her injuries resulted from the use of that manufacturer's product. Defendants assert that there were no federal-law issues relevant to name-brand defendants' motion for summary judgment, and none relevant to the Court's decision to grant that motion. In addition, defendants claim that Mensing leaves the Foster ruling undisturbed and that even if it does affect Foster, Mensing undermines only the court's dicta, not its specific holding on the liability of name-brand manufacturers.

I find defendants' arguments persuasive. I based my recommendation for summary judgment on Oregon law stating that "a manufacturer cannot be held liable unless and until the plaintiff proves that her injuries resulted from use of that manufacturer's product." McEwen v. Ortho Pharma. Corp., 270 Or. 375, 407 (1974). I also noted that plaintiffs "do not point to any Oregon authority allowing a name-brand manufacturer to be held liable for injuries caused by a generic competitor's

Page 3 - FINDINGS AND RECOMMENDATION

product."(#80 at p. 4). This is still the case today - plaintiffs argue that Mensing overturns Foster, which in turn compels me to reconsider my recommendation that this Court grant summary judgment, but they do not cite any Oregon law that allows a name-brand manufacturer to be held liable for injuries caused by a competitor's product.

In Mensing, the Supreme Court held that generic manufacturers could not be held liable for an inadequate warning label, so long as the label used was identical to the label created by the name-brand manufacturer. 131 S. Ct. at 2577-78. Under FDA regulations, generic manufacturers cannot change their warning labels independently; therefore, state laws requiring a generic drug manufacturer to independently change its label are pre-empted by such regulations. Id. By contrast, in Foster, the Fourth Circuit held that the name-brand manufacturer of a drug did not have a duty to the users of another manufacturer's product. 29 F.3d at 171. Thus, the name-brand manufacturer could not be held liable for negligent misrepresentation when the plaintiff was injured by the generic drug. Id.

The plaintiffs in Foster did claim that the name-brand manufacturer should be held liable under a theory that plaintiffs would be unable to recover from the generic manufacturer because it did not create the warning label used on the product. Id. at 169. The court did not find this persuasive. It made two separate determinations. Id. First, it rejected the idea that the generic manufacturer was not responsible for the adequacy of its own warning label. Id. Second, it rejected "the assertion that a name brand manufacturer's statements regarding its drug can serve as the basis for liability for injuries caused by another manufacturer's drug." Id. at 170. The court concluded: "In sum, the [plaintiffs] offer no authority for their assertion that one manufacturer can be held liable for injuries stemming from another manufacturer's product, and demonstrate no basis in the federal drug

Page 4 - FINDINGS AND RECOMMENDATION

approval scheme for treating drug manufacturers differently from other manufacturers in products liability actions." Id. at 171.

Plaintiffs are correct in asserting that the Foster court's first determination has been abrogated by Mensing. However, that does not mean that the court's entire analysis of the name-brand manufacturer's liability is undermined. Whether or not the generic manufacturer is able to independently change its label does not change the court's second determination, nor does it affect the ultimate conclusion. And the plaintiffs, like the Fosters, have offered no authority for their assertion that defendants can be held liable for injuries stemming from their generic competitors' products, nor have they demonstrated a basis for treating drug manufacturers differently from other manufacturers in products liability actions. Because plaintiffs have not set forth any basis for reconsideration of this Court's order granting summary judgment in favor of the name brand defendants and dismissing the claims against them, I recommend that this court deny plaintiffs' motion.

## Conclusion

For the reasons above, I recommend that this Court deny plaintiffs' Motion for Relief from Judgment.

IT IS SO ORDERED.

DATED this 23 day of November 2011.

THOMAS M. COFFIN
United States Magistrate Judge

Page 5 - FINDINGS AND RECOMMENDATION