UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| BETTY PHELPS and DELBERT PHELPS, | 09-6168-TC |
| Plaintiffs, | |
| v. | OPINION AND ORDER |
| WYETH, INC., SCHWARZ PHARMA, INC., PLIVA USA, INC., NORTHSTAR RX LLC, and ALAVEN PHARMACEUTICAL, LLC, | |
| Defendants. | |

COFFIN, Magistrate Judge:

Plaintiffs move for sanctions against PLIVA USA, Inc. for Pliva's alleged failure to make required disclosures and to cooperate during discovery. (#271). I heard oral argument on the motion on February 22, 2010. For the reasons set forth below, I deny plaintiffs' motion.

**Background**

Terrence J. Donahue Jr. counsel for plaintiffs, and Rex Littrell, counsel for Pliva, have a long litigation history. Since 2006 they have opposed each other in numerous other metoclopramide lawsuits filed in federal and state courts. This case stems from injuries plaintiff Betty Phelps

Page 1 - OPINION AND ORDER

allegedly suffered from ingesting metoclopramide, which she began taking in the early 1990's to treat epigastric problems. (#225, ¶ 19). Ms. Phelps continued to take metoclopramide through early 2009. (Id.)  Plaintiffs original 2009 complaint alleged, among other things, that Pliva failed to adequately warn plaintiff Betty Phelps and her doctors about metoclopramide's dangers.  Since the case was filed in 2009, the court has granted numerous extensions of the discovery and dispositive motions deadlines and reset the trial date.  In June 2010, the court granted summary judgment in favor of defendants Wyeth, Schwartz and Alavan and dismissed the claims against them, leaving this action to proceed against two generic metoclopramide manufacturers–Northstar Rx LLC and Pliva.  The remaining parties filed additional motions.  Before I considered those motions, however, in January 2011, I stayed this litigation pending the United States Supreme Court's decision in Pliva, Inc. v. Mensing, 131 S.Ct. 2567, 2570 (2011) reh'g denied, No. 09-993, 2011 WL 3557247 (U.S. Aug. 15, 2011).

     While this case was stayed, counsel was actively litigating other metoclopramide cases. In February 2011, while reviewing discovery in another case involving Pliva, plaintiffs counsel Mr. Donahue discovered copies of Pliva's metoclopramide product label that had been requested by never produced in this litigation.  The labels showed that Pliva had failed to update its labeling in 2003 and 2004 to include changes made to the brand-name metoclopramide product Reglan.  Mr. Donahue contacted Pliva's counsel Mr. Littrell about the label discrepancies.  On March 11, 2011, Mr. Littrell sent a letter to "Metoclopramide Plaintiffs' counsel" (which included Mr. Donahue) and to the Clerk of the United States Supreme Court  notifying counsel and the Clerk that Pliva's metoclopramide label had differed from the brand-name drug Reglan's label for over five years. (#s 271-7, 271-9). The letter to plaintiffs counsel included production of the Pliva package inserts.

On June 23, 2011, the Supreme Court issued its decision in <u>Pliva,Inc v. Mensing</u>, holding that federal law preempts state laws that impose a duty upon generic manufactures like Pliva to change the drug's label.  <u>Mensing</u>, 131 S. Ct. 2567.  I held a status conference in the instant case in July 2011 to discuss how this matter would proceed in light of the Supreme Court's decision.  The parties filed supplemental briefing.  Pliva filed a motion to dismiss based on preemption.  Plaintiffs filed a motion for partial summary judgment on their claims against Pliva based on a theory of negligence per se, alleging that Pliva failed to comply with FDA regulations requiring a generic manufacturer to update the warnings accompanying its drug products after the FDA approves changes for the corresponding brand-name drug.

During the September 15, 2011 hearing on the motions, I noted that plaintiffs had raised their negligence per se claim regarding the failure to update the labels in 2003 and 2004 against Pliva for the first time in their post-<u>Mensing</u> briefing.  Counsel stated in the briefing supporting plaintiffs' supplemental motion and during oral argument that plaintiffs had only recently discovered the label discrepancies.  Because the label discrepancy was discovered two years after the complaint was filed, I asked whether this claim was raised in plaintiffs' complaint.  Counsel responded that he believed that this allegation was encompassed by the complaint but wanted to amend to include this allegation.  (#236, p. 33:16-24).  After I granted plaintiffs' subsequent motion to amend their complaint, plaintiffs filed an amended complaint.  (#s 240, 250, 251, 245, 255).  Shortly thereafter, I filed findings and recommendations which recommended in relevant part that the court deny plaintiffs' motion for partial summary judgment without prejudice, grant Pliva's supplemental motion to dismiss based on preemption.  I further recommended that this matter proceed only on plaintiffs' claim that Pliva was negligent in failing to update the warning label for its

Page 3 - OPINION AND ORDER

metoclopramide product in 2003 and 2004. (#260).

After the findings and recommendations were referred to a district judge and objections and responses to the objections had been filed, plaintiffs filed the instant motion for sanctions under Federal Rules of Civil Procedure 26 and 37. (# 276-1). Specifically at issue is Pliva's failure to produce copies of labeling for its metoclopramide products from the time period between 2003 and 2008 (when Pliva's labels differed from those of the brand-name drug Reglan) in this litigation. Plaintiffs argue that Pliva violated Rule 26 and thus sanctions are mandatory with only the matter of what sanctions to impose left to my discretion. Plaintiffs assert that Pliva's failure to produce the label discrepancy evidence until March 2011 has "severely prejudiced plaintiffs." (#272, p. 3). Accordingly, plaintiffs urge me to sanction Pliva by (among other things) striking Pliva's preemption defense to plaintiffs failure to warn claims and amending my findings and recommendations to recommend denial of Pliva's motion to dismiss based on preemption. Pliva opposes plaintiffs' motion.

## Standards

Federal courts have the authority to sanction litigants for discovery abuses both under the Federal Rules of Civil Procedure and under the court's inherent power to prevent abuse of the judicial process. Rule 26 requires the court to sanction an attorney or party who improperly certifies that disclosures are correct, complete and consistent with these rules. Fed. R. Civ. P. 26(g)(1) and (3). Rule 37 allows the court to sanction a party who fails to properly respond to discovery requests authorized by Rule 34. Fed. R. Civ. P. 37(d)(1)(A)(ii). Under Rule 37, the standard of sanctionable misconduct is generally one of objective reasonableness. <u>Oregon RSA No. 6, Inc. v. Castle Rock Cellular of Or. Ltd. P'ship</u>, 76 F.3d 1003, 1007 (9th Cir.1996) (discussing Rule 26(g)); <u>Marquis v.</u>

Chrysler Corp., 577 F.2d 624, 642 (9th Cir.1978) (discussing Rule 37). To impose sanctions under the court's inherent power, a showing of bad faith is required. Zambrano v. City of Tustin, 885 F.2d 1473, 1478 (9th Cir.1989). In either case, however, the decision to impose sanctions lies within the sound discretion of the district court. Lasar v. Ford Motor Co. 399 F.3d 1101 (9th Cir.2005) (reviewing sanctions imposed under the court's inherent power); Payne v. Exxon Corp., 121 F.3d 503, 510 (9th Cir.1997) (upholding sanctions imposed under the Federal Rules of Civil Procedure).

## Discussion

As Mr. Donahue noted during oral argument on this motion, the parties agree that Pliva did not produce the evidence of the label discrepancies before discovery closed. The parties disagree, however, as to whether this failure resulted from bad faith or oversight.

The record is clear that plaintiffs requested documents relating to Pliva's metoclopramide labeling and package inserts during discovery. In response, Pliva stated it would produce these documents from the period between 2002 and 2008 after the court entered a protective order. After this exchange, discovery continued and the court entered a protective order in July 2010. The labeling documents, however, were never produced. It is clear, however, that soon after Mr. Donahue discovered the production failure in February 2011, Pliva produced the labeling and insert documents to plaintiffs' counsel as well as plaintiff's counsel in other metoclopramide litigation.

I recognize that Pliva's failure to produce the labels which differed significantly from that of the brand-name drug is frustrating. When counsel are involved in multiple cases involving similar issues–as is the case here, the frustration is understandably magnified. I cannot, however, find anything in the record to support a conclusion that Pliva's failure to produce the requested labels until after discovery ended was due to bad faith or that the delay in production prejudiced

Page 5 - OPINION AND ORDER

plaintiffs.

As noted above, Rule 26 mandates sanctions for an attorney who improperly certifies that discovery disclosures are complete and correct and Rule 37 allows sanctions for parties who fail to properly respond to discovery requests. The record here indicates that Pliva's counsel responded to plaintiffs' request for its labeling and packaging inserts by stating that it would produce this evidence after a protective order was entered. (#283, ¶¶ 11-13). Such a response does not indicate that the requested production is complete. Instead, it suggests that production will occur after entry of a protective order. Pliva admits that it forgot to produce these documents after the July 2010 protective order. There is nothing in the record to indicate that Pliva's failure to produce was due to anything besides oversight due to obligations in other matters. Pliva's quick production of the labeling documents after being notified of its failure to produce them further bolsters my conclusion that the failure was due to oversight. Forgetting to produce promised documents is not encouraged. But in when counsel are engaged in multiple complex cases mistakes happen. I find that Pliva's counsel did not violate Rule 26 or Rule 37 and sanctions are not warranted.

I cannot find that Pliva's failure to produce the labeling materials before discovery closed has prejudiced plaintiffs. As noted above, once the label discrepancies were discovered, I granted plaintiff leave to amend their complaint to include claims based on the discrepancies. Thus, the untimely disclosures did not foreclose plaintiffs' claims. During oral argument on this motion, Mr. Donahue appeared to argue that plaintiffs have been prejudiced because this litigation would have moved faster production of the labeling and package inserts was timely. This argument is not persuasive. The multiple extensions of the discovery and dispositive motion deadlines and resetting of the trial date would have occurred even if Pliva had produced the labeling and package inserts

before discovery closed. I would have stayed this litigation pending the Supreme Court's ruling in <u>Mensing</u> even if Pliva had timely produced the labeling and package inserts. Further, the untimely production of the labeling and package inserts have no bearing on my finding that plaintiffs' failure to warn claim against Pliva is preempted by the Supreme Court's decision in <u>Mensing</u> and my recommendation that this claim that this claim be dismissed. In short, Pliva's untimely production of the labeling and package insert evidence has no bearing on the main factors delaying this litigation–extensions, a stay, consideration of supplemental briefing in light of the <u>Mensing</u> decision.

I find that Pliva's failure to produce the labeling and package inserts before the close of discovery does not violate Rules 26 or 37 or prejudice plaintiffs.

## Conclusion

Plaintiffs' motion for sanctions (#271) is denied.

IT IS SO ORDERED

DATED this 24th day of February 2012.

                                      _s/ Thomas M. Coffin_
                                        THOMAS M. COFFIN
                                        United States Magistrate Judge