IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BETTY PHELPS and DELBERT PHELPS,

Plaintiffs,

v.

WYETH, INC.; SCHWARZ PHARMA, INC.; PLIVA USA, INC.; NORTHSTAR RX LLC; and ALAVEN PHARMACEUTICAL, LLC,

Defendants.

No. 6:09-cv-6168-TC

OPINION AND ORDER

AIKEN, Chief Judge:

On September 26, 2014, this court dismissed the remaining claim in this action as barred by the statute of limitations. Plaintiffs seek reconsideration on several grounds.

First, plaintiffs contend that the court conflated and confused parkinsonism and similar symptoms with the actual disease of Parkinson's. I find plaintiffs' argument to be a matter of

1    - ORDER

semantics rather than substance. To the extent the court's language equated the two, it was inadvertent rather than intentional and does not alter the court's analysis or conclusion.

Second, plaintiffs argue that the court improperly focused on plaintiff Betty Phelps' parkisonism symptoms rather than her development of tardive dyskinesia when ascertaining the accrual of her claim. However, as explained in the prior ruling, the statute of limitations begins when a plaintiff knew or should of known of possible injury, even if a subsequent, permanent injury is different from the initial injury.

Third, plaintiffs argue that the court misstated the law in finding that the statute of limitations had run, in that plaintiffs did not discover the basis of their remaining claim - the failure to update - until 2011. However, plaintiffs always have alleged that defendants did not provide adequate warnings regarding the long-term use of Reglan/metoclopramide; the failure to update is simply a different legal theory to support such a claim.

Therefore, I find no basis to reconsider the court's prior ruling. Plaintiffs' motion for reconsideration (doc. 404) is DENIED.

DATED this 18th day of December, 2014.

_____
Ann Aiken
United States District Judge

2    - ORDER